# NO. 12-18-00316-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARNELL BUBBA THOMAS, JR.,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Darnell Bubba Thomas, Jr., appeals his conviction for sexual assault. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with sexual assault. Appellant elected to waive a jury trial and plead "guilty" to the indictment pursuant to a plea bargain. Appellant signed a written stipulation of evidence establishing all the elements of the offense, a waiver of his rights to a jury trial, and an acknowledgement of admonishments. The trial court accepted Appellant's "guilty" plea, but in accordance with the plea bargain, deferred a finding of "guilt" and placed him on community supervision for a term of ten years. The State later filed an application to adjudicate Appellant's guilt and revoke his community supervision, alleging that Appellant violated the terms and conditions of his community supervision. At a hearing on the State's application to revoke, Appellant pleaded "true" and signed a written stipulation of evidence to allegations that he failed to (1) satisfactorily perform community service restitution, (2) pay court costs, and (3) attend and participate fully in and successfully complete psychological counseling/treatment sessions, including aftercare, for sex offenders. Appellant pleaded "not true" to allegations that he failed to

(1) notify his community supervision officer that he moved, (2) pay a $50 Crimestoppers Program fee, and (3) comply with the Sex Offender Registration Act by failing to provide written notice of a change of address to the appropriate law enforcement authority. After hearing testimony from Appellant's community supervision officer and Appellant, the trial court found all the allegations in the State's application to revoke to be "true" and sentenced him to ten years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he has diligently reviewed and evaluated the appellate record and found no error for our review. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a thorough professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[1]

We have considered counsel's brief and conducted our own independent review of the record. *Id.* at 811. We have found no reversible error.

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we *grant* counsel's motion for leave to withdraw. We *affirm* the trial court's judgment.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 18, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 18, 2019

NO. 12-18-00316-CR

**DARNELL BUBBA THOMAS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0517-16)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*